

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/29/2008

| | | |
|---|---|---|
| IN RE: | § | |
| NINFA S RAMIREZ | § | CASE NO: 07-37271 |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| TEXAS BONDING COMPANY | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-3013 |
| | § | |
| NINFA S RAMIREZ | § | |
|     Defendant | § | |

MAGGIE GUTIERREZ

VS                                              ADVERSARY NO 08-3016

NINFA S RAMIREZ

## MEMORANDUM OPINION
## GRANTING MOTIONS FOR SUMMARY JUDGMENT
## (DOC. # 11, 12)

    Ninfa Ramirez ("Debtor") was appointed administratrix of the estate of Ricardo Gutierrez. Texas Bonding Company ("TBC") issued an $18,000 bond. Debtor was removed as administratrix, Maggie Gutierrez was appointed successor administratrix ("Successor Administratrix"), and the state probate court awarded a judgment against Debtor for $41,061.87 in favor of the successor administratrix and $18,000 jointly and severally in favor of the successor administratrix and TBC. TBC and Successor Administratrix filed adversary proceedings alleging that the state court judgment is not dischargeable in bankruptcy. For reasons set forth below, summary judgment is awarded in favor of Plaintiffs.

### STANDARD FOR SUMMARY JUDGMENT

    Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment. Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

## UNDISPUTED FACTS AND COMPUTATION OF DEADLINES

The following facts are taken from Debtor's memorandum in opposition to the motions for summary judgment.

Debtor married Jose Ramirez, Jr. and obtained a Mexican divorce from him. Debtor then began living with Ricardo Gutierrez ("Decedent") and lived with him until his death. Debtor was appointed administratrix of Decedent's estate and TBC issued a bond for Debtor's faithful performance of her duties. Four years later, on application of Decedent's daughter, the probate court found that Debtor was not Decedent's wife, removed her as administratrix, and appointed Decedent's daughter as Successor Administratrix. The Successor Administratrix then sued Debtor and the Texas probate court issued a judgment against Debtor for $41,061.87 in favor of the Successor Administratrix and $18,000 jointly and severally in favor of the Successor Administratrix and TBC. The probate court found:

- Debtor was not the lawful wife of the Decedent;
- Debtor had a fiduciary duty to the heirs of Decedent's estate;
- Debtor failed to preserve personal property belonging to the estate and caused a loss of $1,800;
- Debtor failed to sell or to make estate property income producing, causing a loss of $33,840.00;
- Debtor sold a truck belonging to the estate without probate court authority;

- Debtor spent funds belonging to the estate, causing a loss of $8,377.98;
- Debtor failed to prevent waste of the estate.

Three months after the judgment was entered, Debtor filed a voluntary bankruptcy petition commencing this bankruptcy case.

The "first date set" for the creditors' meeting in this case was November 20, 2007. The deadline for filing a complaint objecting to dischargeability of a debt is 60 days after the "first date set" for the creditors' meeting, Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (FRBP). Sixty days after November 20, 2007, is January 19, 2008, which is a Saturday. The next day was Sunday and the following day, January 21, was Martin Luther King Day, a federal holiday. When the last day for filing a pleading is a Saturday, Sunday, or a legal holiday, the deadline is extended to the next day, FRBP 9006(a). The next day that was not a legal holiday was January 22, 2008.

On January 16, 2008, TBC filed adversary proceeding 08-3013 objecting to dischargeability of Debtors obligation to TBC. On January 22, 2008, the Successor Administratrix filed adversary proceeding 08-3016 objecting to the dischargeability of Debtor's debt to the Successor Administratrix. The two adversary proceedings were consolidated for all purposes.

## CONCLUSIONS OF LAW

Plaintiffs allege that Debtor's obligations to them are not dischargeable, citing Bankruptcy Code § 523(a)(4).

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt… for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…

Plaintiffs assert that the state court judgment collaterally estops relitigation of whether the debt arises from defalcation while acting in a fiduciary capacity. Debtor contends that "defalcation" for purposes of § 523(a)(4) requires a finding of willfulness and that the probate court did not find willful defalcation.

Collateral Estoppel

Collateral estoppel applies to bankruptcy dischargeability proceedings. *Matter of Schwager*, 121 F.3d 177, 181 (5th Cir. 1997) (citing *Grogan v. Garner*, 489 U.S. 279, 284 n.11 (1991)). Because the judgment was entered by a Texas state court, Texas rules of preclusion apply. *See Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 679, n.2 (5th Cir. 1995), *abrogated on other grounds by In re Caton*, 157 F.3d 1026, 1030 n. 18 (5th Cir.1998). According to Texas law, collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless or whether the second suit is based upon the same cause of action." *Id*. The elements of collateral estoppel under Texas law are: "(1) the facts

sought to be litigated in the second action were fully and fairly litigated; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Bonniewell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).

### Defalcation

Defalcation is a "willful neglect of duty, even if not accompanied by fraud or embezzlement." *Matter of Schwager*, 121 F.3d 177, 184 (5th Cir. 1997). The Court of Appeals for the Fifth Circuit has adopted a "reckless conduct" standard[1], but that standard does not require proof of intentional disregard of fiduciary duties and does not exclude conduct that falls short of fraud or embezzlement. *In re Felt*, 255 F.3d 220, 226 (5th Cir. 2001). The Fifth Circuit held:

> The defalcation determination turns on the issue of whether Felt's breaches were "willful." *See Moreno v. Ashworth,* 892 F.2d 417, 421 (5th Cir.1990) (stating that "defalcation is a willful neglect of duty, even if not accompanied by fraud or embezzlement"); *see also Schwager v. Fallas,* 121 F.3d 177, 184, 185 (5th Cir.1997). This Court has described the "willful neglect" of fiduciary duty as "essentially a recklessness standard." *Schwager,* 121 F.3d at 185. Thus, willfulness is measured objectively by reference to what a reasonable person in the debtor's position knew or reasonably should have known. *See Roy v. Gravel,* 143 B.R. 825, 828 (W.D.La.1992), *aff'd,* 983 F.2d 1062 (5th Cir.1993). The objective standard charges the debtor with knowledge of the law without regard to an analysis of his actual intent or motive.

*Id* at 226.

The Texas probate court found that Debtor, while a fiduciary, sold property without authority, spent funds without authority, and failed to sell a house and invest the proceeds. The Court concludes that a reasonable person in the Debtor's position would know, or reasonably should have known, that an administratrix must obtain probate court authority to do (and not to do) the things that she did. Therefore the Court concludes that Debtor (as a matter of law) is guilty of willful neglect by the reckless disregard of her duties.

Debtor argues that she used the estate funds and property to pay for funeral expenses and that she lived in the house where she had lived before Decedent's death. But because Debtor knew enough to apply to be Decedent's administratrix and filed an inventory and appraisement, and filed an annual account, it is clear that Debtor knew that Court authority was required. Failure to obtain court approval, despite knowledge of the procedures, is reckless conduct even if done for a worthy purpose.

---

[1] *Collier on Bankruptcy, 15th Ed.* ¶ 523.10[1][c].

## CONCLUSION

By separate order issued this date, the motions for summary judgment are granted.

SIGNED 10/28/2008.

_____
Wesley W. Steen
United States Bankruptcy Judge